No. 462

First Circuit

WELLS v. NEW AMSTERDAM CASUALTY CO.

(June 10, 1929. Opinion and Decree.)
(June 28, 1929. Rehearing Refused.)

Taylor and Parker, of Baton Rouge, attorneys for plaintiff, appellant.

Taylor, Porter, Loret and Brooks, of Baton Rouge, attorneys for defendant, appellee.

LECHE, J. Plaintiff's leg was broken just above the ankle while employed as a plasterer in a building in the city of Baton Rouge. This happened during the month of April, 1927. The fact that plaintiff was entitled to compensation, and that defendant was liable for such compensation, are not questioned in the present suit, which was filed in June, 1928.

Defendant paid plaintiff compensation at the rate of $10.92 per week for 52 weeks, approximately one year, and then ceased altogether to make further payments. Within two months thereafter plaintiff brought the present suit, in which he prays for additional compensation at the same rate of $10.92 per week from April 21, 1928, for a period of 248 weeks, on the ground that he is still suffering and is still totally incapacitated from doing work of any reasonable character. The district court refused his demand, and he has appealed.

Defendant concedes that there are only two questions involved in the case: (1) The nature and extent of plaintiff's in-

jury; and (2) the amount of compensation, if any, he is entitled to receive.

Considering these questions in the inverse order, it is patent that the amount of compensation which was due to plaintiff when the accident happened in April, 1927, was 65 per cent of his weekly wage, or $10.92 per week. This rate of payment was acknowledged as due by defendant when it proceeded to pay this amount to plaintiff. Payment was made amicably and without compulsion and accepted by plaintiff without any understanding or agreement as to the number of weeks during which it should continue. Defendant kept up these payments for 52 weeks, then ceased on the ground that it considered plaintiff entirely cured of his injury. If plaintiff had sued for compensation immediately after being injured, he could have recovered $10.92 per week during a time not exceeding 125 weeks, under paragraph (d) of section 8 of the Compensation Law as amended in 1926. Act No. 85 of 1926, p. 114. Such was the amount of the compensation to which he was entitled.

The first question propounded in defendant's brief now arises for solution, and that is, the nature and extent of plaintiff's injury.

As to the plaintiff's suffering, no one outside of the plaintiff could testify directly to that fact, but at the time of the trial, one of the physicians remarked that he noticed that plaintiff was limping at a time and place not suspicious, thus confirming the plaintiff's testimony.

It is evident from the testimony that at the time of the trial, which took place January 9, 1929, there still was unquestionably something abnormal about the plaintiff's ankle. Dr. L. J. Williams, a specialist and an expert in taking and reading X-ray pictures, says that on January 3, 1929, there was a healing of the fractured fragments with union; that in the lower third of the left tibia there is an osteomyelitis apparently in the zone of the fracture with a cavity or area of diminished radiopacity containing sequestra of bone. He says that a condition of this kind shows that the process of healing is not complete.

Plaintiff himself testifies that he is still suffering, and that he cannot stand on his leg for any length of time; that he can only walk successfully with the assistance of a cane.

Both Dr. Kemp and Dr. Sitman corroborate the testimony of Dr. Williams. Dr. McHugh and Drs. Bradburn and Samuels were of the opinion that plaintiff is cured, and yet their testimony can be reconciled with that of Dr. Williams and that of the plaintiff. We believe that a preponderance of the evidence supports plaintiff's claim.

It is therefore ordered that the judgment appealed from be avoided and reversed, and proceeding then to render such judgment as plaintiff was entitled to recover at the time of his injury, it is ordered that plaintiff have judgment against defendant for compensation at the rate of $10.92 per week from the 28th day of April, 1927, not to exceed 125 weeks; it is further ordered that defendant be recognized as entitled to credit for weekly payments made up to and including April 14, 1928, that all other unpaid weekly payments bear legal interest from the respective dates on which they were due, defendant to pay all costs of both courts.

MOUTON, J., not participating.